```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW MEXICO
                    ALBUQUERQUE DIVISION




UNITED STATES OF AMERICA,     )  CASE NO:  1:16-CR-04134-MV
                              )
         Plaintiff,           )         CRIMINAL
                              )
     vs.                      )     Albuquerque, New Mexico
                              )
QUANG HUY BUI,                )   Tuesday, November 29, 2016
                              )    (10:40 a.m. to 10:51 a.m.)
         Defendant.           )


                         ARRAIGNMENT


           BEFORE THE HONORABLE KAREN B. MOLZEN,
            CHIEF UNITED STATES MAGISTRATE JUDGE




Appearances:              See Next Page

Court Reporter:           Recorded; Liberty - Gila

Clerk:                    E. Romero

Interpreter:              Hannah Duong Hoang

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES FOR:**

| | |
|---|---|
| Plaintiff: | JON K. STANFORD, ESQ.<br>U.S. Attorney's Office<br>District of New Mexico<br>P.O. Box 607<br>Albuquerque, NM 87103 |
| Defendant: | ROBERT J. GORENCE, ESQ.<br>Gorence & Oliveros, PC<br>1305 Tijeras NW<br>Albuquerque, NM 87102<br><br>LU PHAM, ESQ.<br>Dowell Pham Harrison<br>Tindall Square Building No. 2<br>505 Pecan St., Suite 101<br>Fort Worth, TX 76102 |

1   **Albuquerque, New Mexico; Tuesday, November 29, 2016; 10:40 a.m.**

2                              **(Call to Order)**

3             **(Official Interpreter Utilized for Translation)**

4           **THE COURT:**  Very well.  We are here in the matter of

5   *United States of America versus Quang Huy Bui* in 16-CR-4134 MV.

6           **MR. STANFORD:**  Good morning, your Honor, Jon Stanford

7   for the Government.

8           **MR. GORENCE:**  Good morning, your Honor, Robert

9   Gorence on behalf of Mr. Bui.  With me as co-counsel is Mr. Lu

10  Pham.  Mr. Pham is licensed in the state of Texas and he will

11  be entering pro hac vice.

12          **MR. PHAM:**  Good morning, your Honor, Lu Pham with

13  Dowell Pham Harrison from Fort Worth, Texas.

14          **THE COURT:**  Thank you.

15          And we do have Mr. Bui here as well.  At this time,

16  I'm going to ask my courtroom deputy to swear in the Vietnamese

17  interpreter.

18          And, Madame Interpreter, if you would please state

19  your name for the record and spell your name, please.

20          **THE INTERPRETER:**  My name is Hannah Hoang,

21  H-a-n-n-a-h, last name H-o-a-n-g.

22          **THE COURT:**  Thank you.

23      **(Interpreter sworn)**

24          **THE CLERK:**  Thank you.

25          **THE COURT:**  Thank you.  And, Ms. Hoang, at any time

1  you cannot hear, please let me know and we will do our best to
2  fix that.
3          Mr. Bui, I am Karen Molzen.  I'm the Chief United
4  States Magistrate Judge here in the District of New Mexico.
5  You are here today for your arraignment.  And, sir, let's go on
6  ahead and proceed with that.
7          Have you received a copy of the indictment in this
8  matter?
9          **THE DEFENDANT:**  Yes, I already did.
10         **THE COURT:**  And has it been read to you in
11 Vietnamese?
12         **THE DEFENDANT:**  Yes, it has.
13         **THE COURT:**  All right.  And, Mr. Stanford, there are
14 two charges in this indictment.  Can you please tell me the
15 elements of those charges?
16         **MR. STANFORD:**  If I can have just a moment, your
17 Honor.  I was not prepared for that question.  I was about to
18 read to him the possible penalties.
19         Your Honor, for the first charge -- I'm going to lift
20 this microphone.  I'm informed that the interpreter cannot hear
21 me unless I speak directly into the microphone.  So sorry about
22 the loud volume.
23         Your Honor, for the first charge, the United States
24 needs to show that the Defendant knowingly and willfully
25 attempted to extort from the United States to Vietnam a defense

1  article.

2  **THE COURT:** Now, slow down for the interpreter,

3  please.

4  **MR. STANFORD:** Madame Interpreter, can you understand

5  me adequately?

6  **THE INTERPRETER:** Yes, yes, I do.

7  **THE COURT:** Thank you.

8  **MR. STANFORD:** Your Honor, we would show that he did

9  this without first having obtained the required license and

10  written approval from the United States Department of State

11  Directorate of Defense Trade Controls.

12  For the second count, your Honor, we would be

13  required to show as elements that from on or about March 10th,

14  2016, through on or about July 19th, 2016, in the District of

15  New Mexico and elsewhere, the Defendant did fraudulently and

16  knowingly attempt to export and send from the United States and

17  receive, conceal, buy and in any manner facilitate the

18  transportation, concealment and sale -- I'm giving the

19  interpreter a moment -- prior to exportation from the United

20  States one and more Teledyne J402-CA-400 turbojet engines

21  knowing that these engines were intended for export and without

22  first having obtained the required export license and

23  authorization from the United States Department of State

24  Directorate of Defense Trade Controls.

25  **THE COURT:** Thank you, Mr. Stanford.

1      **MR. STANFORD:** Yes, your Honor.

2      **THE COURT:** Are you willing to waive a formal

3 reading, Mr. Gorence?

4      **MR. GORENCE:** We are, your Honor. I have apprised

5 Mr. Bui of the statutory penalties. We've gone over even a

6 preliminary --

7      **THE COURT:** I need you to speak into that. Thank

8 you.

9      **MR. GORENCE:** I have apprised Mr. Bui of the

10 statutory penalties in both count -- both counts. We've even

11 done a preliminary analysis of potentially the guideline range

12 for this type of offense and we would enter a not guilty plea

13 to both counts.

14      **THE COURT:** And, let's see. Mr. Bui, are you

15 satisfied with the advice and representation you're receiving

16 from your attorney?

17      **THE DEFENDANT:** I'm not guilty.

18      **THE COURT:** And are you satisfied with the advice and

19 representation that you are receiving from your attorney?

20      **THE DEFENDANT:** Yes.

21      **THE COURT:** Then I will enter not guilty pleas on

22 both counts of the indictment.

23      Counsel, I will enter the standing discovery order

24 electronically. Your motions will be due December 19th and you

25 will be notified by Judge Vasquez's chambers of a trial date.

1       Now, it's my understanding that in California,
2  conditions for release were set.  Mr. Stanford?
3       **MR. STANFORD:**  That's true, your Honor.  I informed
4  Mr. Gorence this morning that we intend to file an appeal of
5  the detention order.  There are transcripts which both parties
6  probably need to review from that detention hearing in
7  California.  Also, Mr. Gorence informs me that he has a trial
8  starting on Monday and so we've agreed that I will wait a week
9  or so to file that in order to give everyone time to review
10 what they need and file a response.
11      I was also just handed an immigration detainer.  We
12 believe your Honor might have gotten a copy of that as well.
13      **THE COURT:**  No, I have not.
14      **MR. GORENCE:**  I haven't received that either, your
15 Honor, and we have been in touch with an immigration attorney.
16 I would be surprised that there'd be a detainer lodged given
17 Mr. Bui's status of having an L1A visa legally entitling him to
18 work.
19      **THE COURT:**  It's my understanding from the Pretrial
20 Services report from California that it was an expired visa.
21      **MR. GORENCE:**  That's correct now.  What happened is
22 that when Mr. Bui applied for an extension -- and he did that
23 in an appropriate period of time.  What happened was that he
24 did that within the time that the initial approval letter
25 expired.

1        Immigration then provides a grace period of 240 days
2   for that to be processed.  He's still well within the 240-day
3   window and the reason I understand it wasn't processed timely
4   to begin with was the State Department was aware of this
5   ongoing investigation and didn't approve it.  And so we need an
6   immigration lawyer to look at this detainer because I believe
7   it contravenes the statute providing him a grace period.
8        And we have this issue of how it gets temporarily
9   approved because conditions of release have been set pursuant
10  to the ultimate recommendation of Pretrial Services in the
11  Northern District of California and -- so I don't think this
12  changes anything.  We need to take this up with Judge
13  Vasquez --
14       **THE COURT:**  Yes.
15       **MR. GORENCE:**  -- because I do think there's other
16  issues from the immigration standpoint that would undermine the
17  efficacy of this detainer.
18       **THE COURT:**  And pursuant to the *Cisneros* case, the
19  appeal must be addressed by Judge Vasquez.  So I will let her
20  chambers know that that will be forthcoming and then those
21  issues can all be addressed by Judge Vasquez at that time.
22       So at this point, I'm without any authority to do
23  anything with regard to those conditions for release.  I can
24  tell you that typically what we do is adopt them formally here.
25  That's my understanding, Mr. Gorence, that it's not really my

1  conditions for release.  They're simply adopted here.

2         **MR. GORENCE:**  I think that's the record that goes up

3  and I would -- was going to ask if you do that, Judge Beeler --

4  as I said, this was continued several times but made very

5  explicit signed-ins after initial -- the recommendation

6  changed.  So I think that for the record for Judge Vasquez, you

7  should adopt Judge Beeler's factual findings that that's what

8  should go up.

9         **THE COURT:**  I think that I'm without authority to do

10  anything else.

11         **MR. STANFORD:**  You're right, your Honor.

12         **THE COURT:**  All right.  We will go on ahead and do

13  that.

14         Now, Mr. Bui, what you'll need to do is go to the

15  second floor with -- and it's my understanding, Mr. Bui, that

16  you can speak -- is it Mr. Pham?

17         **MR. PHAM:**  Yes, Pham.

18         **THE COURT:**  I'm sorry.  That you speak Vietnamese?

19         **MR. PHAM:**  I do, your Honor.

20         **THE COURT:**  So you'll make sure that he is informed

21  of all those conditions before he signs them here?

22         **MR. PHAM:**  I shall, your Honor.

23         **THE COURT:**  All right.  So that will be on the second

24  floor and my courtroom deputy Evonne will take care of you down

25  there.

1  **MR. GORENCE:**  Yes, your Honor, and I've been informed
2  that the Marshal Service wants to make sure that he was
3  processed.  I know he was after his custodial status in the
4  Northern District of California but we'll do that as well as
5  sign the paperwork here setting your conditions of release --
6      **THE COURT:**  All right.
7      **MR. GORENCE:**  -- or I should say, "Adopting theirs."
8      **THE COURT:**  Adopting them.  All right.
9      **MR. GORENCE:**  Thank you, your Honor.
10     **THE COURT:**  Anything else, Mr. Stanford?
11     **MR. STANFORD:**  No, your Honor, not from the
12 Government.
13     **THE COURT:**  Anything else, Mr. Gorence?
14     **MR. GORENCE:**  No, your Honor.
15     **THE COURT:**  And, Ms. Hoang, thank you very much for
16 serving as our interpreter today and thank you to our local
17 court staff for getting that arranged.
18     We'll be in recess.
19     **THE DEFENDANT:**  Thank you, your Honor.
20   **(This proceeding adjourned at 10:51 a.m.)**
21
22
23
24
25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          December 29, 2016

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC