IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 16-4134 |
| | ) |
| QUANG HUY BUI, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, QUANG HUY BUI, and the Defendant's counsel, JOHN C. ANDERSON:

### REPRESENTATION BY COUNSEL

1. The Defendant understands his right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to be prosecuted by indictment;

   b. to plead not guilty, or having already so pleaded, to persist in that plea;

   c. to have a trial by jury; and

   d. at a trial:

      1) to confront and cross-examine adverse witnesses,

      2) to be protected from compelled self-incrimination,

      3)     to testify and present evidence on the Defendant's own behalf, and

      4)     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

The Defendant agrees to waive these rights and to plead guilty to Count 2 of the Indictment charging a violation of 18 U.S.C. § 554, that being Smuggling Goods from the United States.

## SENTENCING

3. The Defendant understands that the maximum penalty provided by law for this offense is:

    a.     imprisonment for a period of not more than 10 years;

    b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.     a term of supervised release of not more than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.     a mandatory special penalty assessment of $100.00; and

    e.     restitution as may be ordered by the Court.

4. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## **DEFENDANT'S ADMISSION OF FACTS**

5.By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

From on or about March 10, 2016 through on or about July 19, 2016, in the District of New Mexico, and elsewhere, I knowingly attempted to export and send from the United States to Vietnam and receive, conceal, buy, and in any manner facilitate the transportation, concealment and sale, prior to exportation from the United States, a defense article, namely, one and more Teledyne J402-CA-400 rocket engines. I knew the J402s were intended for export, and that it was against United States law to do so, and I did so knowing the required export license and written approval from the Department of State Directorate of Defense Trade Controls ("DDTC") had not first been obtained, in violation of 18 U.S.C. § 554. Specifically:

  a.On or about March 10, 2016, I contacted a company in Albuquerque, New Mexico, Sandia Technical Supply ("Sandia") that I understood might be able to assist me in acquiring a Teledyne J402 Turbojet engine. I wanted to obtain this item for purposes of exporting it to Vietnam. During our initial email exchanges, Sandia representatives informed me that the J402

3

is on the U.S. Munitions List and, therefore, could not be exported without a license being issued by DDTC.

b. On or about April 26, 2016, I traveled to a Teledyne facility in Ohio to meet with representatives of Sandia to look over the J402 engine before agreeing to purchase it. Following that visit, I exchanged emails with Sandia representatives in which we negotiated a price for the purchase of the J402. In the course of these emails, Sandia representatives informed me multiple times that an export of the engine to Vietnam would be illegal unless DDTC issued a license authorizing the export. For my part, I understood that exporting the J402 to Vietnam without a license issued by DDTC would be contrary to U.S. law.

c. On or about May 9, 2016, I executed and sent a purchase order for a J402 to Sandia representatives with the intention of obtaining and having the J402 exported to Vietnam. I did so with knowledge that the J402 was intended for export contrary to the laws of the United States because at the time no required license had been obtained.

d. On or about May 10, 2016, in furtherance of my efforts to obtain and export the J402 engine to Vietnam, I caused $20,000 to be wired to Sandia representatives as a down payment for the J402 engine. I caused this payment to be made with knowledge that it would cause, induce, or permit Sandia to export the J402 contrary to the laws of the United States. At all times during my discussions with Sandia, it was my intention to facilitate

4

the export of one or more J402s to Vietnam, which I understood to be illegal under the circumstances.

6. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

7. The United States and the Defendant stipulate as follows:

   a. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulate and agree that the appropriate disposition of this case is as follows:

      i. Defendant shall be sentenced to a period of incarceration of not less than 12 months plus one day and not more than 24 months;

      ii. Following service of the Defendant's term of imprisonment, the Defendant shall be placed on supervised release for a term of three years. Because the Defendant will be removed to Vietnam following completion of his term of imprisonment, the Defendant's term of supervised release may be unsupervised for the time the Defendant is not present in the United States. The Defendant's term of supervised release shall not be subject to early termination;

      ii. In addition to conditions deemed appropriate by the Court or the United States Pretrial Services and Probation Office, conditions of

    the Defendant's supervised release for the term of supervised release imposed shall include the following:

    (1) During the term of supervised release, the Defendant's papers, documents, writings, computers, and all electronic devices capable of being used in connection with the export of items from the United States shall be subject to search by the United States Pretrial Services and Probation Office without notice to the Defendant. The United States Pretrial Services and Probation Office is permitted to conduct such searches in coordination with and with the assistance of any federal law enforcement agency.

iii. the Defendant shall pay a $100.00 special penalty assessment as required by law; and

iv. to the extent the Defendant has any remaining legal title to or ownership interest in any and all items seized by federal agents in connection with this case, the Defendant forfeits and relinquishes any right, title, or any other interest therein, including in the approximately $20,000 used as a down payment for the J402 engine, and all other items seized by federal agents in connection with this case, including the J402 engine, and the Defendant expressly consents to HSI or any other federal agency destroying or retaining such items as HSI or any other federal agency sees fit

     without notice to the Defendant and for the Judgment in this case to contain an Order adopting this sub-paragraph.

b.  The Defendant understands, without being further advised by the Court, that the Court is bound by the terms of this plea agreement once the Court accepts this plea agreement and that if the Court accepts this plea agreement, the agreed upon disposition will be included in the judgment in this case.

c.  The Defendant recognizes that this plea agreement already has conferred a benefit upon him and that no downward departure or variance from the agreed-upon sentencing range pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) is appropriate. The Defendant agrees that the agreed upon sentence is a reasonable sentence. The Defendant further recognizes that if the Court accepts this plea agreement, then the Court is not permitted to depart downward or vary from the agreed-upon sentencing range pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In return for the benefit conferred upon the Defendant by entering into this plea agreement, the Defendant agrees that the defense will not seek a downward departure or variance from the agreed-upon sentencing range pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, the United States reserves the right, in its sole discretion, to treat this plea agreement with

the Defendant as null and void and may, in its sole discretion, move to do so, and the Defendant will thereafter, irrespective of any applicable statute of limitations, be subject to prosecution for any criminal violation including, but not limited to, any crimes or offenses contained in or related to the Indictment filed in this case, as well as perjury, false statement, and obstruction of justice and any other crime committed by the Defendant during this investigation and prosecution. The Defendant further agrees not to oppose a motion filed by the United States in accordance with this paragraph and agrees that the Court should grant such a motion.

d. The Defendant specifically acknowledges and agrees that the United States is in no way bound by the facts the Defendant has stated above and may provide to the Court (including the United States Pretrial Services and Probation Office) any information that the United States believes may be helpful to the Court. The Defendant understands and agrees that the Defendant will not be permitted to withdraw his guilty plea unless, pursuant to Federal Rule of Criminal Procedure 11(c)(5), the Court rejects this plea agreement.

## RECOMMENDATIONS

8. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed within the specified range, including, but not limited to, the

8

applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

9. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including, but not limited to, information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

10. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

11. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement, provided, however, that the agreement reflected in this paragraph shall not apply in the event the Court rejects this plea agreement..

## WAIVER OF APPEAL RIGHTS

12.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## CONSENT TO REMOVAL

13.     The Defendant hereby acknowledges that the Defendant is removable from the United States and consents to removal from the United States following the completion of the Defendant's sentence, waives any notice or hearing to which the Defendant is otherwise entitled, and consents and stipulates to the entry of a judicial order of removal, or any other type of removal order, removing him to Vietnam.  The Defendant further agrees to waive all of the Defendant's rights relating to any and all forms of relief and protection from removal or exclusion, to abandon any pending applications for such relief and protection, and to cooperate with the Department of Homeland Security during removal proceedings.  The parties respectfully request that the Court enter a Judicial Order of Removal at the Defendant's sentencing hearing and will submit documents in connection with this request prior to the Defendant's sentencing hearing.

## GOVERNMENT'S ADDITIONAL AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that it will not bring additional criminal charges against the Defendant arising out of any facts of which the United States is currently aware, including any facts forming the basis of the present Indictment.

15. This agreement does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

16. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is, in fact, guilty.

## VIOLATION OF PLEA AGREEMENT

17. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

18.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 6th day of June, 2017.

JAMES D. TIERNEY
Acting United States Attorney

JON K. STANFORD
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JOHN C. ANDERSON
Attorney for the Defendant

This plea agreement has been read and explained to me in Vietnamese, which I speak fluently. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
QUANG HUY BUI
Defendant